**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DELBERT LENARD JOHNSON,

        Petitioner - Appellant,

v.

ROBERT EZELL, Warden,

        Respondent - Appellee.

No. 11-6278
(D.C. No. 5:11-CV-00346-C)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Delbert Lenard Johnson, an Oklahoma state prisoner, filed a petition pursuant to 28 U.S.C. § 2254. In that petition, he sought relief from his convictions and sentences for felony murder in the first degree, unauthorized use of a credit card, and unauthorized use of a vehicle. Ultimately, the magistrate judge assigned to assess the case issued a fifty page report recommending denial of the petition. The district court entertained objections to the magistrate judge's report but eventually adopted it in full. Later, the district court denied Mr.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Johnson's request for a certificate of appealability ("COA") to allow him to contest this decision.

Now, Mr. Johnson seeks a COA from this court. We may grant a COA, however, only if Mr. Johnson first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because Mr. Johnson proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even so, none of Mr. Johnson's claims merits a COA. In this court, as in the district court, Mr. Johnson has sought to pursue nine claims. After careful review, however, we conclude that none involves a situation where reasonable jurists could debate the decision to deny relief. The magistrate judge's extensive report explains why this is so and we, like the district court, find ourselves unable to add to what that report carefully explains.

Separately but relatedly, Mr. Johnson argues that the magistrate judge erred by employing the deferential standards of review embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as well as by denying him an evidentiary hearing. But here again the magistrate judge's report dealt amply

- 2 -

with these questions.  The magistrate judge explained that AEDPA deference applies where, as here, the state court addressed the merits of the petitioner's claims.  *See* Report & Recommendation at 4; ROA Vol. 1 at 12-19.  The magistrate judge likewise explained that no evidentiary hearing was legally required in this case and that, in any event, the evidence Mr. Johnson offered to present at such a hearing would make no difference to the outcome.  *See* Report & Recommendation at 48-50.

Mr. Johnson's application for a COA and his motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge